UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-23171-CIV-MCALILEY
(CONSENT CASE)

MILENE MILANES,

    Plaintiff,

v.

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL SECURITY,[1]

    Defendant.

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court is Plaintiff's Motion for Summary Judgement [DE 16], and Defendant's Motion for Summary Judgement. [DE 17]. This matter is fully briefed. For the reasons set below, I grant Plaintiff's Motion for Summary Judgement and deny Defendant's Motion for Summary Judgement.

**I.    Overview**

Plaintiff filed for disability insurance benefits under Title II in December 2010, alleging disability since March 9, 2010. Tr. 312-14, 418-19.[2] Plaintiff's application was

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017. *See* Social Security Administration, *The Acting Commissioner of Social Security*, https://www.ssa.gov/agency/commissioner.html. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the defendant in this case.

[2] Citations to the transcript of proceedings before the Social Security Administration, filed at DE 9, are to "Tr. [#]."

1

denied initially on May 3, 2011, and denied on reconsideration on October 13, 2011. Tr. 317-21, 324-28. Plaintiff then requested a hearing by an Administrative Law Judge ("ALJ"). Tr. 329-30. The ALJ held a hearing on September 5, 2013 at which Plaintiff, a medical expert and a vocational expert testified.[3] Tr. 49-83.

On October 25, 2013, the ALJ issued a written decision in which he found that Plaintiff was not under a disability as defined in the Social Security Act. Tr. 25-48. The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Tr. 1-2. Plaintiff now asks that this Court reverse and remand for the award of benefits, or alternatively, for the ALJ to reconsider the record and his conclusions. [DE 16, p. 15].

## II.     Proceedings before the Commission

### A.     The ALJ's Decision

In his decision the ALJ found first that Plaintiff has not engaged in substantial gainful activity since March 9, 2010, the alleged onset date. Tr. 30. He next found that Plaintiff has the severe impairments of diabetes mellitus, obesity, sleep apnea and neurogenic bladder. Tr. 30. The ALJ also found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Tr. 32-37.

The ALJ found Plaintiff has the physical residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b). In particular, the ALJ found that

---

[3] The hearing was originally scheduled for April 2013 but was rescheduled to September 2013 at Plaintiff's request. Tr. 343, 380, 384.

2

Plaintiff could (i) lift and carry, push and or pull 20 pounds occasionally and 10 pounds frequently, (ii) stand and/or walk for a total of two hours in an eight-hour day and sit for six hours in an eight-hour day, (iii) never climb ladders or scaffolds, and (iv) occasionally climb ramps or stairs, balance, kneel, stoop, crouch, or crawl, and (v) she has the additional limitation of not being able to pinch with her right hand. She has no established visual or hearing limitations. As for environmental limitations, Plaintiff should avoid moderate exposure to extreme cold, hazardous machinery and unprotected heights, and should avoid concentrated exposure to extreme heat, wetness, noise, vibration, fumes, odors, dust, gases, and poor ventilation. Tr. 37.

Applying these limitations, the ALJ found that Plaintiff is capable of performing her past relevant work as a receptionist and medical secretary, which are both classified as sedentary jobs in the Dictionary of Occupational Titles. Tr. 40. Given the ALJ's finding that Plaintiff can return to her past relevant work, he concluded that Plaintiff is not disabled. Tr. 40-41.

### B. Administrative records

The Court has thoroughly reviewed the entire record in this action, which includes Plaintiff's medical records and the transcript of the hearing before the ALJ. I will reference the administrative record where it is relevant to the issues addressed below.

## III. Analysis

In evaluating a claim for disability benefits, the ALJ must follow the five steps set forth in 20 C.F.R. §§ 416.920(a) and 404.1520:

1. Is the claimant performing substantial gainful activity? If not, the ALJ next

3

determines;

2. Does the claimant have one or more severe impairment? If the claimant does, the ALJ next considers;

3. Does the claimant have a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled; if not, the ALJ must determine the claimant's RFC; and then determine;

4. Based on the RFC, can the claimant perform her past relevant work? If so, she is not disabled. If she cannot perform her past relevant work, the ALJ must finally determine;

5. Whether, based on her age, education, and work experience, and the RFC, can the claimant perform other work of the sort found in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled and entitled to benefits.

*Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

In reviewing the ALJ's decision, the Court must determine whether he applied the correct legal standard, and whether his findings of fact are supported by substantial evidence in the record. *Powers v. Heckler*, 738 F.2d 1151, 1152 (11th Cir. 1984). "Substantial evidence is more than a scintilla, but less than preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Phillips,* 357 F.3d at 1240, n. 8 (citation omitted). The substantial evidence standard does not permit a reviewing court to consider only those parts of the record that support the ALJ; the court must view the entire record and consider evidence which detracts from the evidence relied on by the ALJ. *Mackie v. Astrue*, No. 1:07-cv-00098-MP-WCS, 2008 WL 719210, at * 1 (N.D. Fla. Mar. 11, 2008).

While the Court applies a presumption in favor of the ALJ's finding of fact, no such presumption applies to the ALJ's legal conclusions. Thus, the Court must reverse if the ALJ incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine whether the law was properly applied. *Perez v. Comm'r of Soc. Sec.*, No. 6:06-CV-1648-ORL-19KRS, 2008 WL 191036, * 5 (M.D. Fla. Jan. 22, 2008). The ALJ's failure to specify the weight given to evidence contrary to his decision, or failure to give the reason for discrediting evidence, is reversible error. *Hart v. Astrue*, No. 3:10-cv-531-J-TEM, 2011 WL 4356149, * 5 (M.D.Fla. Sept. 19, 2011). The Court is authorized to enter a judgment affirming, modifying, or reversing the decision of the ALJ, with or without remand. *Perez*, 2008 WL 191036, * 5; 42 U.S.C. §405(g).

The only finding that Plaintiff challenges here is the ALJ's RFC determination. Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ failed to weigh, or afforded inadequate weight to, three medical opinions of Plaintiff's treating physicians, and the ALJ also failed to properly assess Plaintiff's credibility. Before I address those arguments, I note the applicable law.

The RFC is an assessment by the ALJ of a claimant's ability to work despite her impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The focus of the RFC is on doctors' evaluations of the claimant's condition and its medical consequences. *Tillman v. Comm. of Soc. Sec.*, Case No. 6:12-cv-969-Orl-22DAB, 2013 WL 4014979, *3 (Aug. 6, 2013 M.D. Fla). In determining the RFC, the ALJ must consider all the relevant evidence. *Lewis*, 125 F.3d at 1440.

In evaluating medical opinions, "[s]ubstantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise." *Id.* "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without such a statement "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* An ALJ's failure to state with particularity the weight given to each medical opinion is reversible error. *Caldwell v. Barnhart*, 261 Fed.Appx. 188, 190 (11th Cir. 2008) (citation omitted).

### A.     Medical Opinion of Dr. David Adams

Plaintiff complains that the ALJ failed to consider a Physical Capacities Evaluation and Questionnaire dated January 3, 2012 completed by Dr. David Adams, Plaintiff's treating neurologist. [DE 16, pp. 10-11]. This opinion is not in the record. The only reference to Dr. Adams' Physical Capacities Evaluation and Questionnaire is in a memorandum that Plaintiff's administrative representative submitted prior to the hearing. Tr. 340-42. Plaintiff's representative did not attach Dr. Adams' opinion to her memorandum, and there is no evidence that Plaintiff provided it to the ALJ or the Commissioner.[4] The ALJ cannot be expected to weigh an opinion that he did not receive.

Plaintiff argues that remand is nevertheless warranted because the ALJ should have insured that Dr. Adams' Physical Capacities Evaluation and Questionnaire were part

---

[4] At the hearing the ALJ invited Plaintiff's attorney to submit further documents, but he declined to do so. Tr. 52.

of the record. This argument misconstrues the role of the ALJ and the parties in adjudicating social security cases. Although an ALJ has a duty to develop a full and fair record, the claimant "bears the burden of proving that [s]he is disabled, and consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). It was Plaintiff's obligation to provide Dr. Adams' Physical Capacities Evaluation and Questionnaire, and evidently she did not.

For the foregoing reasons, Plaintiff has not shown that the ALJ erred in failing to weigh Dr. Adams' Physical Capacities Evaluation and Questionnaire.

### B. Medical Opinion of Dr. Andrade-Bucknor

Plaintiff next argues that the ALJ improperly afforded "little weight" to a Physical Capacities Evaluation completed by Dr. Sharon Andrade-Bucknor, Plaintiff's treating cardiologist. [DE 16, p. 12]. An ALJ must give "[s]ubstantial weight . . . to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise." *Tillman*, 2013 WL 4014979, *3. "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241 (citation omitted). The ALJ must clearly articulate his reasons when giving a treating physician's opinion less than substantial weight. *Id.*

Dr. Andrade-Bucknor opined that Plaintiff suffers from fatigue which prevents her from working full-time, even in a sedentary position. Tr. 1208. The ALJ explained his basis for assigning this opinion little weight. In particular, the ALJ stated that Dr.

7

Andrade-Bucknor's opinion conflicts with her contemporaneous treatment notes and the medical record as a whole. Tr. 39-40. He provided specific examples of such conflict, such as the absence of supporting diagnostic findings or examinations and Dr. Andrade-Bucknor's recommendation that Plaintiff exercise for at least 30 minutes a day. Tr. 40. The ALJ also noted that Dr. Andrade-Bucknor prescribed a conservative course of treatment. *Id.* By offering the foregoing reasons, the ALJ satisfied his obligation to articulate good cause for giving Dr. Andrade-Bucknor's assessment less than controlling weight.

### C. Medical Opinion of Dr. Diaz

The parties agree that the ALJ did not assign a weight to an Attending Physician Statement of Disability completed by Dr. Yvonne Diaz, one of Plaintiff's treating physicians. [DE 16, p. 8]; [DE 17, p. 9]. The Commissioner contends that this error is harmless because the Attending Physician Statement is not a medical opinion but, rather, a statement of disability. [DE 17, p. 9]. I disagree.

"[W]henever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefore." *Tillman*, 2013 WL 4014979, * 3. Dr. Diaz's opinion meets this description, as it contains her statements regarding Plaintiff's symptoms, diagnoses and restrictions. In also includes the Doctor's opinion that Plaintiff is unable to work due to her vertigo. Tr. 1243-44. While "a medical

source's opinion that a claimant is disabled is not controlling," *Beck-Easley v. Colvin*, Case no. 1:13-CV-02869-JFK, 2015 WL 1401646, *13 (N.D. Ga. March 26, 2015), an ALJ is still obligated to weigh the opinion and explain the weight accorded. *See Cofield v. Colvin*, Case no. 6:13-cv-2603-DCN, 2014 WL 7339013, *10 (D.S.C. Dec. 23, 2014) (reversing decision of Commissioner and remanding for further proceedings because ALJ failed to weigh Attending Physician's Statement of Disability); *see also Beck-Easley*, 2015 WL 1401646 at *13-14 (evaluating whether ALJ erred in giving less than controlling weight to an Attending Physician's Statement of Disability); *Lingenfelter v. Astrue*, 5:13-CV-00101-EJD, 2014 WL 991088, *4 (N.D. Cal. March 11, 2014) (same). For the foregoing reasons, Dr. Diaz's Attending Physician Statement of Disability constitutes a medical opinion that the ALJ had an obligation to weigh.

I am not persuaded that it was harmless error for the ALJ to not state the weight he assigned to Dr. Diaz's opinion. The ALJ may not have assigned substantial weight to Dr. Diaz's opinion for legitimate reasons. This Court is left to guess whether this is so; something it cannot do.

The Eleventh Circuit recently reiterated that an ALJ's failure to explicitly state the weight assigned to an opinion calls for remand. *McClurkin v. Soc. Sec. Admin.*, 625 Fed.Appx. 960, 962-3 (11th Cir. 2015) ("Because the ALJ failed to state with particularity the weight assigned to [the medical] opinion or the reasons why he may have discarded her opinion, we vacate and remand to the district court with instructions to return the case to the Commissioner for proceedings consistent with this opinion."). Therefore, the Court will remand this matter to the ALJ for further proceedings. *See also*

*Hart*, 2011 WL 4356149, *6; *Christensen v. Astrue*, No. 5:07cv154/RS-EMT, 2008 WL 4192718, *11 (N.D. Fla. Sept. 9, 2008) (in social security cases, "the general rule is to reverse and remand for additional proceedings when errors occur.").

On remand, the ALJ should explicitly consider, discuss and weigh Dr. Diaz's Attending Physician Statement of Disability. After considering the full medical record, as properly weighted, the ALJ should determine Plaintiff's RFC, and explicitly state the basis for that determination. Applying the revised RFC, the ALJ should determine whether Plaintiff can return to her past relevant work and, if not, proceed to step five of the required analysis to make a final determination of Plaintiff's eligibility for disability benefits.

### D. Credibility Assessment

Plaintiff contends that the ALJ did not properly assess her credibility. [DE 16, pp. 12-14. Given the Court's finding that the ALJ erred in failing to weigh Dr. Diaz's Attending Physician Statement, the Court will not reach this issue. The ALJ will have an opportunity to reassess Plaintiff's credibility (and offer support for that assessment) on remand; he may reach a different conclusion regarding the credibility of Plaintiff's testimony after weighing Dr. Diaz's opinion.

### IV. Conclusion

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgement [DE 16], is **GRANTED** ,and Defendant's Motion for Summary Judgement [DE 17], is **DENIED.** The decision of the Commissioner is **REVERSED** and

this case is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

DONE and ORDERED in chambers in Miami, Florida this 22nd day of March, 2017.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record