UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-cv-23171-MCALILEY
[CONSENT CASE]

MILENE MILANES,

    Plaintiff,

vs.

NANCY BERRYHILL,
Acting Commissioner of Social Security
Administration,

    Defendant.
_____/

## ORDER GRANTING CONSENT PETITION
## FOR ATTORNEY'S FEES AND COSTS

The Court previously entered final judgement in favor of Plaintiff, reversed the decision of the Commissioner and remanded this matter for further proceedings. [DE 20]. Plaintiff has since filed an unopposed Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), in which she asks to be awarded $5,583.04 in attorney's fees and $400.00 in court costs.[1] [DE 23]. The Commissioner has no objection to the relief sought.

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or

---

[1] The $400.00 sum represents Plaintiff's filing fee.

1

that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party. The Commissioner does not contend that its position was substantially justified, or that special circumstances make an award of attorney's fees unjust. Plaintiff is therefore entitled to recover her attorney's fees under the EAJA.

As for the amount of fees, the EAJA provides that: "The amount of fees awarded under this subsection shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff asks to be compensated at an hourly rate of $190.28 in 2015, $192.68 in 2016, and $195.57 in 2017, [DE 23 at p. 3], which is within the range of market rates for South Florida attorneys who represent plaintiffs in similar actions.

Because the market rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must decide whether to adjust the statutory hourly fee above the statutory $125 hourly rate, to take into account the increase in the cost of living, or special factors. This is not a difficult decision, as the application of the cost-of-living adjustment is considered "next to automatic." *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). The Court agrees with Plaintiff that the $190.28, $192.68, and $195.57 hourly rates are warranted given the increase in the cost of living that has occurred since the EAJA was reenacted in March 1996. Plaintiff's counsel devoted 29 hours to this action, [DE 23 at

2

pp. 6-7], which the court finds was reasonable. Accordingly, the Court awards Plaintiff awarded attorney's fees totaling $5,583.04.

The Petition requests that the attorney's fees award be payable to Plaintiff if she owes a federal debt but, if Plaintiff does not owe a federal debt, that the award be paid directly to Plaintiff's counsel. For the following reasons, the record supports this request.

Attorney's fees awarded under the EAJA are payable to the prevailing party and not to the party's attorney. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). That payment, however, is subject to government offset to satisfy any pre-existing debt the litigant owes the United States. *Id.*

A prevailing litigant may assign his right to recover EAJA fees to her attorney, which Plaintiff did here. [*See* DE 21-1]. The assignment, though, is not valid unless it complies with the Anti-Assignment Act, 31 U.S.C. § 3727(b). *See Sanchez v. Commissioner of Social Security*, No. 6:11-cv-1745-Orl-22GJK, 2013 WL 1611332 at *1 (M.D. Fla. March 28, 2013) (*adopted by Sanchez v. Commissioner of Social Security*, 2013 WL 1611329 (M.D. Fla. April 15, 2013)); *see also Young v. Astrue*, No. 3:09-CV-132-CDL-MSH, 2011 WL 1196054 at *3 (M.D. Ga. Feb. 24, 2011) (finding that "the Anti-Assignment Act [31 U.S.C. § 3727] applies to EAJA awards") (citations omitted) (*adopted by Young v. Astrue*, 2011 WL 1154362 (M.D. Fla. March 28, 2011)).

The Anti-Assignment Act specifies the circumstances under which a claim against the United States can be assigned. It states in pertinent part that:

> A transfer or assignment of any part of a claim against the United States ... or the authorization to receive payment for any part of the claim ... may be made only after a claim is allowed, the amount of the claim is decided, and

3

a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. § 3727(a), (b).

Plaintiff's assignment does not comply with the statute because it was made before Plaintiff's claim for attorney's fees was allowed and the amount decided, it is not attested to by two witnesses and has not been certified by an official. [DE 21-1]. Although Plaintiff's assignment is invalid, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize the Plaintiff's assignment. *See Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008). The Commissioner did so here, as she did not object to Plaintiff's motion which clearly requested that any fee award be paid to Plaintiff's counsel if Plaintiff does not owe a federal debt.

For the foregoing reasons, it is hereby **ORDEDED** that Plaintiff's Consent Petition for Attorney's Fees [DE 23], is **GRANTED**, Plaintiff is hereby awarded **$5,583.04** in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, subject to offset against any pre-existing debt that Plaintiff may owe to United States.

**It IS FURTHER ORDERED** that if there is any amount remaining after offset, or if offset is unnecessary because the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States, such sum shall be paid directly to Plaintiff's attorney, Katherine O. Palacios-Paredes, Esq.

4

**IT IS FURTHER ORDERED** that Plaintiff is awarded $400.00 as compensation for reasonable costs.

**DONE AND ORDERED** in chambers in Miami, Florida this 14th day of August, 2017.

/s/ Chris McAliley
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of record